UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LINDA B. LANGLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case No. 3:11-CV-194 |
| ) | (VARLAN/GUYTON) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's Motion For Judgment on the Pleadings [Doc. 13] and defendant's Motion for Summary Judgment [Doc. 20]. Having exhausted her administrative remedies, plaintiff Linda B. Langley seeks judicial review of the decision of the Administrative Law Judge ("ALJ") that she was not disabled and therefore not eligible for benefits under the Social Security Act.

**I.   Background**

Plaintiff seeks disability based on allegations of disabling depression. She assert that she suffers from marked limitations in social functioning and that she cannot concentrate as required to complete a day of work [Doc. 14]. In his findings, the ALJ stated that plaintiff does have severe impairments, namely, "[m]oderate major depression and panic disorder without agoraphobia", but that these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1,

subpart P, Regulation No. 4 [Tr. at 13].[1] The ALJ also stated that he gave careful consideration to the entire record; that plaintiff has the residual functional capacity ("RFC") to perform light work, except that she "cannot sustain skilled or complex work and can only superficially relate to others"; that plaintiff's statements concerning the effects of her symptoms "are not credible to the extent they are inconsistent with the above [RFC] assessment"; that there are jobs that exist in the national economy that plaintiff can perform, and that plaintiff was not under a "disability" as defined in the Social Security Act, since December 10, 2007, the date her application was filed.

The Court has considered the medical evidence in the record, the testimony at the hearing and all other evidence of record. The Court also notes that the medical history of plaintiff and the content of the ALJ's decision have been set forth in the memoranda of the parties and are not in dispute [*See* Docs. 14, 21, 22]. Accordingly, those matters need not be repeated here.

**II.     Disability Eligibility**

To qualify for SSI benefits, a plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. *See* 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

---

[1] The ALJ also made certain findings regarding plaintiff's claim for disability based on physical limitations, but those matters have not been raised as appeal issues.

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis, summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

3

Case 3:11-cv-00194-TAV-HBG   Document 23   Filed 07/12/12   Page 3 of 11   PageID #: 109

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiff bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the plaintiff could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

**III.   Standard of Review**

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison v. NLRB*, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Walters*, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." *Wilson*, 378 F.3d at 546-47. Thus, an ALJ's procedural error is

5

harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive plaintiff of an important benefit or safeguard. *See id.* at 547.

On review, plaintiff bears the burden of proving an entitlement to benefits. *Boyes v. Sec'y. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

**IV.     Analysis: Substantial Evidence Supports the ALJ's Decision**

The claimed disability in this appeal, depression, is based entirely on plaintiff's subjective complaints, not on objective findings. As such, credibility can become a determinative factor [Tr. at 16].

At the hearing, and in response to questioning by her attorney, plaintiff testified as follows:

> Q.  [Plaintiff], why are you unable to work?
>
> A.  Because I'm so depressed, I can't bring myself to go out and be around people, I get paranoid and stuff.
>
> Q.  Well, what do you usually do during the day?
>
> A.  I don't do anything unless I absolutely have to. I just lay on the couch.

[*Id.* at 26-27].

In response to questioning by the ALJ, plaintiff testified as follows:

> Q.  What do you do during the day? Do you watch TV? What do you do?
>
> A.  I just lay on the couch.

6

> Q. Just lay on the couch? Yeah. Do you do anything with your children?
>
> A. No sir. That makes me feel terrible.
>
> . . .
>
> Q. Can you concentrate on things?
>
> A. No.
>
> Q. On tasks?
>
> A. No.

[*Id.* at 32-33].

Previously, plaintiff had reported to Social Security that she prepared her children for school, prepared their meals, and transported them to and from school. She reported that she also washed their clothes and took them to doctors' appointments. She also said she did the family shopping, handled family finances and paid the bills [*Id.* at 14, 117-20].

Dr. Ann Carter is plaintiff's primary care physician. The record shows that Dr. Carter, prior to the hearing, reported plaintiff as being able to care for her children, despite taking prescribed medication for her mental health [*Id.* at 305]. Plaintiff's mental health treatment provider, Ridgeview Psychiatric Center, documented just three months prior to the hearing that plaintiff reported that she was "doing okay" and that the medications she took were controlling the symptoms of her depression [*Id.* at 458]. Dr. Jeffrey Summer, the state agency physician, also examined plaintiff and found that her

7

"cognitive function and intelligence were appropriate" and that she "interacted well with him and exhibited no abnormal behaviors or mannerisms." [*Id.* at 263].

At the conclusion of the hearing, the ALJ said that he would ask plaintiff to attend a psychological consultative exam [*Id.* at 38-39]. The ALJ clearly was motivated by the inconsistencies in the above detailed record and plaintiff's testimony at the hearing, and by concern about plaintiff's credibility:

> I'm going to ask her to attend a psychological CE. I think the record is contradictory on its face in that in some places she [plaintiff] apparently told the treating people at Ridgeview that her depression is adequately controlled, and at other times - - and her physician, Dr. Carter says, oh, she's got severe depression. And then we've got this psych hospitalization in November of '07, and she needed to go in, but she was at the GAF of 55 at the time of discharge, and they said she's not gravely disabled now. And so I think a full consultative evaluation would shed some light on her condition and help me make a fair decision.

[*Id.*].

The psychological examination requested by the ALJ was performed a month later by Linda Blake, Psy.D., Clinical Psychologist. Dr. Blake reported that plaintiff "sat very huddled up on the edge of the seat," "avoided all eye contact" and was only "minimally cooperative" with the evaluation. Dr. Blake noted that plaintiff was taking her prescribed medications for depression, the same medications Ridgeview had reported her to be taking.

Plaintiff told Dr. Blake that George Bush [not Barack Obama] was President of the United States, that she didn't remember her birth year, that the colors of the U.S. Flag were red and blue, that she didn't know the date of the evaluation, and that she "hears

8

voices." Plaintiff said that one night "her doll was talking to her." Plaintiff also told Dr. Blake that she saw "Abraham Lincoln on a bicycle in her bedroom."[2]

Dr. Blake concluded: "Her [plaintiff's] mental status performance does not ring true. I do not believe she is putting forth any effort although her depression is probably accurately in the moderate range." Dr. Blake diagnosed plaintiff with "major depression single episode, moderate," "panic disorder without agoraphobia" and "malingering." Dr. Blake's medical assessment was that plaintiff was moderately limited in understanding and memory, and in overall adaptation; mildly limited in concentration; and markedly limited in social interaction [*Id.* at 465-67].

The ALJ, as noted, found that plaintiff had the RFC to perform light work, except that she cannot sustain skilled or complex work and can only superficially relate to others. In response to a hypothetical incorporating this RFC, along with plaintiff's age, education level, and depression, Katherine Reynolds Bradford, a vocational expert, testified that there were jobs in significant numbers in the national economy which plaintiff could perform [*Id.* at 34-37].

Given the foregoing, the Court finds that the ALJ applied the correct legal standards and that the ALJ's decision is supported by substantial evidence.

Plaintiff argues that the ALJ should have given greater weight to Dr. Carter's opinion that plaintiff's ability to adapt to stressful workplace circumstances is poor, and that plaintiff is "burned out" and "can't cope with a day of work that requires

---

[2]The ALJ correctly noted in his decision that there are no reports of psychosis or hallucinations in plaintiff's mental health treatment records.

9

concentration." [*Id.* at 304-06]. Plaintiff also argues that the ALJ should have given greater weight to Dr. Blake's opinion that plaintiff is "markedly limited" in social interaction.

The Court finds, however, that the ALJ did articulate his reasons for giving Dr. Carter's opinions little weight [*Id.* at 17]. The Court does not find the ALJ's reasons to be erroneous, as they are well-supported in the record. In addition, the ALJ clearly discounted Dr. Blake's findings based on the malingering by plaintiff and her minimal cooperation with the evaluation. Moreover, the ALJ's finding regarding plaintiff's lack of credibility underscores the entire decision and the ALJ plainly found that the plaintiff is not credible [*Id.* at 16]. Dr. Blake also found that the plaintiff is not credible, noting that "her mental status performance does not ring true" [*Id.* at 467], thus indicating that plaintiff's subjective complaints are inconsistent with the record.

Noting that an ALJ's credibility determinations about a claimant are to be given great weight, *Cruse v. Commissioner of Social Security*, 502 F.3d 532, 542 (6th Cir. 2007), and finding that plaintiff raises nothing on appeal which causes the Court to question the ALJ's findings, the Court will therefore give significant deference to the ALJ's credibility finding in this case.

## V.   Conclusion

For the reasons given herein, plaintiff's Motion For Judgment On The Pleadings [Doc. 13] will be **DENIED** and defendant's Motion for Summary Judgment [Doc. 20] will be **GRANTED**. The Commissioner's decision in this case denying plaintiff's

application will be **AFFIRMED**, and this case will be **DISMISSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE